The legal propositions stated by Ch. J. Bronson, in delivering the opinion of the supreme court, when this case was before it on a motion for a new trial, (3 Denio, 132,) are all, in my opinion, correct, with one exception. That exception is his position that the appellant could not avail himself of his qualified undertaking as a surety, because such qualification did not appear in the form of his undertaking. In other words, because the form of his signature to the note indicated co-suretiship with the respondents, he could not show the real character of his engagement, viz.: that he was surety for those whose names were before his on the note. For this position, the learned Chief Justice cited no authority, while he cited numerous cases to sustain his other positions.
Both reason and authority oblige me to adopt a different conclusion. The form of the undertaking indicates, if it is at all a guide, that the three parties to the note were all principals; and it may as truly and forcibly be said that the form of the undertaking shall prevent the respondents from showing that they were sureties, as that it shall prevent the appellant from showing the true character of his suretiship. But neither the one or the other is sound, for the obvious reason that the form of the undertaking is consistent with both. Hence the surety is always permitted to show by parol that he did not become a party to the paper as principal, but as surety. This is settled by numerous authorities, and is almost daily practiced. Can there be any reason why he should not be permitted also to show the true character of his suretiship? I can discover none. This point however has been settled by authority. (Craythorne
v. Swinburne, 14 Vesey, 160.)
My conclusion, therefore, is that if the appellant became surety only for those whose names were before his on the note, or in other words more applicable to this case, if he signed the note under an agreement with the principals, Schryver Aikin, that he was only to be responsible in case the respondents were unable to pay, then he is not liable in this action to the respondents. *Page 44 
The proof offered and rejected consisted of a series of facts, tending to show the limited character of the appellant's undertaking, and was rejected on the broad ground, that if proved, it constituted no defense.
It follows from what has been already said that this proof was erroneously rejected.
I am therefore of opinion that the judgment should be reversed and a new trial granted.
PAIGE, J. gave no opinion. MULLETT, J. did not hear the argument.
Judgment affirmed.